## UNITED STATES v. TIPPITT.

(District Court, N. D. Texas, Dallas Division. April 28, 1924.)

1. **Carriers** ☞38—**Indictment for falsifying records of interstate carrier need not allege that records were prescribed by Interstate Commerce Commission.**

   An indictment under Interstate Commerce Act, § 20, subsec. 7 (Comp. St. § 8592), for falsifying the records of an interstate carrier, need not allege that such records were prescribed by the Interstate Commerce Commission.

2. **Carriers** ☞38—**Penal provision of Interstate Commerce Act held to apply to express companies.**

   Interstate Commerce Act, § 20, subsec. 7 (Comp. St. § 8592), making it a criminal offense to falsify the records of an interstate carrier, applies to express companies.

3. **Carriers** ☞38—**Counts in indictment held not to charge "entry" in record, nor to allege a "means or device for falsifying a record" of an express company.**

   Counts in an indictment charging that defendant, as an employee of an interstate express company, failed to forward to another employee, as was his duty, certain on hand cards, covering deliveries of C. O. D. shipments, which were to become part of the permanent records of the company, held not to charge the making of a false "entry," nor to allege a "means or device for falsifying a record," within the meaning of Interstate Commerce Act, § 20, subsec. 7 (Comp. St. § 8592).

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Enter—Entry.]

Criminal prosecution by the United States against Addeson Walker Tippitt. On demurrers and exceptions to indictment. Sustained as to certain counts.

M. S. Church, of Dallas, Tex., for the motion.

A. J. Reinhart and D. E. Coffman, Asst. U. S. Attys., both of Dallas, Tex., opposed.

ATWELL, District Judge. The indictment contains ten counts, the first and second of which, typical of the other eight, are as follows:

"On or about the 17th day of November, A. D. 1923, Addeson Walker Tippitt was an employee of the American Railway Express Company, a common carrier engaged in interstate commerce, with offices in the city of Dallas,

Texas, in the Dallas division of the Northern district of Texas, and that at and during all the dates hereinafter set forth the said Addeson Walker Tippitt, while so employed by the said American Railway Express Company, was serving in the capacity of chief clerk in charge of on hand department, and as such was charged with the duties of accounting for all moneys covering express charges, C. O. D. (cash on delivery) charges, and return charges on C. O. D. (cash on delivery) shipments, said moneys and funds so received being payable daily to the cashier of the American Railway Express Company, at Dallas, Texas, to keep a correct record of all moneys so received, and to make up a daily departmental balance sheet showing the total amount of money received by him from the counter delivery clerks and drivers; also for such shipments as delivered in person, wherein all items payable to the American Railway Express Company should be detailed and totals carried to the departmental balance sheet, together with a detailed list showing all shipments delivered during each day for which receipt should be issued by the cashier of the American Railway Express Company at Dallas, Texas, which said receipt would be issued in duplicate, the duplicate copy being retained by Addeson Walker Tippitt and the original thereof would become a part of the permanent records of the American Railway Express Company at Dallas, Texas; to forward to C. O. D. clerk of the American Railway Express company at Dallas, Texas, all on hand cards covering deliveries of C. O. D. (cash on delivery) shipments delivered through the on hand department, the said on hand cards to be forwarded to the district accounting bureau of the American Railway Express Company, at Dallas, Texas, which said cards would become a part of the permanent record and files, in accordance with the rules and regulations of the Interstate Commerce Commission; and the said Addeson Walker Tippitt, while so employed by the said American Railway Express Company in charge of the duties aforesaid, heretofore, to wit, on or about the 17th day of November, A. D. 1923, at Dallas, in Dallas county, state of Texas, and within the jurisdiction of this court, did violate provision of section 20, paragraph 7, of the Interstate Commerce Act, in that he did unlawfully, willfully, feloniously, and knowingly fail to make full, true and correct entry of the facts and transactions appertaining to the balance of the American Railway Express Company, a common carrier; that is to say, that at the time and place aforesaid the said Addeson Walker Tippitt did receive for and on behalf of the American Railway Express Company at its office in the city of Dallas fifty-five dollars and twenty cents ($55.20), said sum being the amount of money delivered to him by a counter delivery clerk, which said sum represented a C. O. D. (cash on delivery), together with return charges on a certain shipment consisting of one package weighing forty-two (42) pounds, value fifty-four dollars and seventy-five cents ($54.75), consigned to the Specialty Film Company at Dallas, Texas, and forwarded by the Elco Gelatone Publishing Corporation, New York, state of New York, and forwarded on New York waybill No. 359972 on November 13, 1923, which said sum of money was due said American Railway Express Company for and upon the delivery of the said parcel and package, and the said Addeson Walker Tippitt did willfully fail to make a record of said sum so collected as aforesaid on detailed list of on hand shipments delivered, failing to include the amount in total amount of C. O. D. (cash on delivery) collections on his departmental balance sheet, the same being then and there an entry of a fact and transaction appertaining to the said carrier's business, which act of the said Addeson Walker Tippitt was contrary to the form of statutes of such cases made and provided, against the peace and dignity of the United States of America.

### "Count Number 2.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present and find that the said Addeson Walker Tippitt being employed and charged with the duties as set forth explicitly in count 1 of this indictment, which recitals as to his employment and duties so set forth in count 1 are hereby incorporated in and made a part of this count, heretofore, to wit, on or about the 17th day of November, A. D. 1923, at Dallas, in the county

of Dallas, state of Texas, and within the jurisdiction of this court, did unlawfully, feloniously, knowingly, and willfully fail to forward to C. O. D. clerk of the American Railway Express Company at Dallas, Texas, on hand card numbered 6599, the same being in substance as follows, to wit:

" 'Card Record of C. O. D. Goods on Hand. Consignee, Spec. Film. O. H. No. 6599. Address, 1914 Main St. Shipper's Sheet No. Taylor. Date, Nov. 16, 1923, Order or Invoice No.

| Article Pa. | Weight 42 | Value 54.75 | Paid or paid in part | Amount collectible. Advances. Value charges ........... .10 |
|---|---|---|---|---|
| From New York, N. Y. | | | | Express charges ........ .10 War tax ................ 3.45 |
| W/B No. 359972 | | Date 11 13 23 | | Total charges C. O. D... 54.75 |
| Shipper Elco Gelatone Pub. Corp. | | | | Return charges ......... .45 Total chg's and C. O. D... 58.75 |
| Address, 106 7th. Ave. | | | | |
| Why on hand, Will call. | | | | |
| Date of Notice to | Consignee Nov. 17, 1923. Shipper Nov. 17, 1923. Agent Form 571 ——————— Sales agent ——————— B 181–890 | | Received of American Railway Express Co. the above articles Specialty         J. Moss. H-65 | |
| | | | (Delivered by)      (date) | |

"The same being a true and correct entry of facts and transactions appertaining to the business of the American Railway Express Company, a common carrier, and being a part of the permanent records of said American Railway Express Company; that is to say, that at the time and place aforesaid the said Addeson Walker Tippitt did receive from a counter delivery clerk of the American Railway Express Company at Dallas, Texas, a certain on hand delivery card No. 6599, upon which said card was a true and correct statement and record of the shipment of a certain parcel and package shipped on waybill No. 359972 dated November 13, 1923, consigned to the Specialty Film Company, 1914 Main street, Dallas, Texas, shipped by the Elco Gelatone Publishing Corporation, from New York City, New York, which said card among other things disclosed the collection of the sum of fifty-four dollars and seventy-five cents ($54.75) C. O. D. (cash on delivery) charges, together with the sum of forty-five cents (45 cts.) return charges, and did reflect the true and correct amount of money received by the said Addeson Walker Tippitt from a counter delivery clerk, and the said Addeson Walker Tippitt did unlawfully, willfully, and knowingly fail to forward to C. O. D. clerk of the American Railway Express Company at Dallas, Texas, as aforesaid, the certain card, paper, writing, and memorandum, to wit, the on hand delivery card as hereinabove set out, as evidence of the receipt by him of said sum of fifty-five dollars and twenty cents ($55.20), and did thereby fail to keep a true and correct record of said transaction as aforesaid; the same being then and there an entry of fact and transaction appertaining to the said carrier's business, which act of the said Addeson Walker Tippitt was contrary to the form of statutes of such cases made and provided, against the peace and dignity of the United States of America."

298 F.—32

It is attacked on the ground that there is no direct allegation that the American Express Company is a common carrier, nor the sort of a common carrier, nor that the records alleged to have been falsely entered are records that the Interstate Commerce Commission had authorized; that the act (Act Feb. 4, 1887, § 20), which contains subsection 7 (Comp. St. § 8592), which carries the penal part of the statute, relates only to railroads; and, lastly, that the forwarding of a record, or the failure to forward a record, is not illegal. I think the indictment sufficiently alleges that the American Railway Express Company is a common carrier engaged in interstate commerce. The language might have been fuller in this respect, as well as in some other respects, but it is quite sufficient to apprise the defendant of the charges made against him, so that he may prepare his defense and be protected in the case of a conviction or an acquittal.

[1] That the records are not records ordered by the Commission seems to be ruled against the defendant in the case of Kennedy v. United States, 275 Fed. 182, by the Circuit Court of Appeals for the Fourth Circuit. An indictment under this act, for falsifying the records of an interstate carrier, need not charge that such records were prescribed by the Interstate Commerce Commission. As said in the Kennedy Case, the act under consideration was evidently framed to accomplish two distinct purposes:

(1) "That all accounts, records, and memoranda of the carrier, whether prescribed by the Commission or not, should be true and correct;" (2) "to secure uniformity and prevent secret dealing, that the accounts, records and memoranda prescribed by the Commission should be used exclusively."

[2] That the Congress did not intend to limit the very wholesome provisions of the entire Interstate Commerce Act (Comp. St. § 8563 et seq.) to railroads alone is quite evident from several provisions of the legislation. In chapter A of title 56, "Regulation of Common Carriers of Interstate and Foreign Commerce," are several sections that deal directly with the desire of the people as expressed through their representatives in Congress to have an uniformity in rates and charges and classifications. Chapter B of the same title, and of the same act, relates to requirements and provisions, etc., in and of bills of lading. Chapter C relates to safety appliances and the protection of the employees and travelers. Chapter D relates to care of animals in transit. Chapter E relates to liability for injuries to employees. Chapter F relates to arbitration between carriers and employees, and chapter G deals with the hours of service of employees.

In subdivision 2 of the first section are the following words:

"The term 'common carrier' as used in this act shall include express companies and sleeping car companies."

The first words of subdivision 1 of section 8592 are as follows:

"The Commission is hereby authorized to require annual reports from all common carriers subject to the provisions of this act, and from the owners of all railroads engaged in interstate commerce as defined in this act. * * *"

A very important executive department of the government, the Interstate Commerce Commission itself, has been claiming the right to

require reports from express companies, under this legislation, since 1912. The last regulations issued by the Commission on this subject were effective July 1, 1915. In the 1915 regulations the Commission quotes section 20 of the Act to Regulate Commerce (section 8592), which is the section under which this prosecution was instituted.

There is every reason why those who ship and receive by express, as well as the carrier and the employees of such method, should be subject to the same laws that the railroad transportation company is subject to when it carries property. Clearly the law relates to an express company engaged in interstate commerce, and those who are its employees.

[3] In order to understand the last exception, it is necessary for us to look at that portion of the first count which charges that it was the duty of the defendant—

"to forward to the C. O. D. clerk of the American Railway Express Company, at Dallas, Texas, all on hand cards covering deliveries of C. O. D. shipments delivered through the on hand department, the said on hand cards to be forwarded to the district accounting bureau of the American Railway Express Company at Dallas, which said cards would become a part of the permanent record and files in accordance with the rules and regulations of the Interstate Commerce Commission."

These words in the first count are merely advisory; they merely inform the court of the duties that the defendant was bounden to perform. These words are to be found in each odd count of the indictment. In these counts they may be treated as surplusage. In the even counts of the indictment, 2, 4, 6, 8, and 10, the defendant is charged with having—

"unlawfully, feloniously, knowingly and willfully failed to forward to the C. O. D. clerk of the American Railway Express Company, of Dallas, Texas, on hand cards."

In each of these even counts it is alleged that by reason of the defendant's failure to forward these on hand cards that he failed to keep a true and correct record of the transactions shown on said cards. There is no allegation in either of the even counts that these cards, or records, which the defendant failed to forward, were destroyed, or mutilated, or altered, or that any false entry was made therein or thereon, or any other allegation except that the defendant failed to forward them. The statute (section 20, subsec. 7 [Comp. St. § 8592]) that the defendant is charged with violating reads as follows:

"Any person who shall willfully make any false entry in the accounts of any book of accounts or in any record or memoranda kept by a carrier, or who shall willfully destroy, mutilate, alter, or by any other means or device falsify the record of any such account, record, or memoranda, or who shall willfully neglect or fail to make full, true, and correct entries in such accounts, records, or memoranda of all facts and transactions appertaining to the carrier's busines, or shall keep any other accounts, records, or memoranda than those prescribed or approved by the Commission, shall be deemed guilty of a misdemeanor and shall be subject, upon conviction in any court of the United States of competent jurisdiction, to a fine of not less than one thousand dollars nor more than five thousand dollars, or imprisonment for a term not less than one year nor more than three years, or both such fine and imprisonment: Provided, that the commission may in its discretion issue or-

ders specifying such operating, accounting, or financial papers, records, books, blanks, tickets, stubs, or documents of carriers which may, after a reasonable time, be destroyed, and prescribing the length of time such books, papers, or documents shall be preserved."

The failure to "forward" is not, in my opinion, "any other means or device" of falsifying a record, as denounced by the law. It certainly is not a destruction, mutilation, nor alteration. It is not a neglect or failure to make full, true, and correct entries, and the even counts, therefore, of the indictment charge no offense under any law.

The statute is highly penal, and, while the evident purpose of the entire legislation was to preserve every record, so that an inspection thereof could be made at any time that the supervising body might think proper, yet a court is not warranted in placing a strained, unusual or unknown meaning upon well-known and easily understood words and phrases. Neglect to "forward" cannot, in any ordinary sense, be construed into an "entry"; nor can it be said to be a "means or device for falsifying a record," since those words were used in connection with the words "destruction, mutilation and alteration."

Trial will be had under counts 1, 3, 5, 7, and 9, and exception sustained as to all even counts.