310

## DEARING v. UNITED STATES.
### No. 3567.

Circuit Court of Appeals, Tenth Circuit.
March 4, 1948.

Frank A. Bruno, of Denver, Colo. (Byron G. Rogers, of Denver, Colo., on the brief), for appellant.

Henry E. Lutz, of Denver, Colo. (Max M. Bulkeley, of Wray, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Section 20, subparagraph (5), of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq.,[1] provides that the Interstate Commerce Commission may in its discretion, prescribe the forms of any and all accounts, records and memoranda kept by interstate carriers; subparagraph (7) (a) provides a forfeiture by the carrier for failure to keep the accounts, records and memoranda in the manner prescribed by the Commission; and, subparagraph (7) (b) makes it a misdemeanor for any person to "knowingly and wilfully neglect or fail to make full, true, and correct entries in such accounts, records, or memoranda of all the facts and transactions appertaining to the business of the carrier."

Appellant, a conductor in the employ of the Denver & Salt Lake Railway Company, was charged by information in the United States District Court of Colorado, with "knowingly and willfully" falsifying a "Conductor's Report of Ticket and Cash Collections", designated Form 1227, required by the carrier in compliance with subparagraph (5) of Section 20 of the Interstate Commerce Act. It was alleged that on March 4, 1947, while making his regular run on Train 12, between Craig and Denver, Colorado, appellant collected cash fares from four passengers who were traveling from Oak Creek to Denver, without reporting the same on Form 1227, which was required to be kept and filed with the Company at the end of the run.

From a judgment of conviction, appellant brings this appeal, contending that since the Denver & Salt Lake Railway Company was operating between terminals wholly within the state of Colorado and the passengers, whose fares he is alleged to have collected and failed to report, were traveling intrastate, the Railroad Company was not engaged in interstate commerce, within the meaning of the Interstate Commerce Act,

hence the penal provisions have no application. As a further ground for reversal he contends that since wilfulness is an essential ingredient of the offense charged, the Trial Court erred in excluding proffered evidence tending to show that his failure to record the cash fares on prescribed Form 1227 was not criminally wilful.

Admittedly, the Denver & Salt Lake Railway Company operated its railroad wholly within the state of Colorado, and the unrecorded cash transactions were for intrastate transportation, but those facts are not determinative of the applicability of the Interstate Commerce Act. The test is, whether the railroad was being operated solely for the purpose of intrastate transportation of persons and property, or was a link in a continuous transportation from one state to another. 11 Am.Jur.Commerce, Sec. 63; Norfolk & Western Railroad Company v. Pennsylvania, 136 U.S. 114, 10 S.Ct. 958, 34 L.Ed. 394; United States v. Union Stock Yard, 226 U.S. 286, 33 S.Ct. 83, 57 L.Ed. 226; Cincinnati N. O. & Tex. Pac. Railway Co. v. Interstate Commerce Commission, 162 U.S. 184, 16 S.Ct. 700, 40 L.Ed. 935; United States v. Illinois Terminal R. Co., D.C., 168 F. 546. The proof shows, and it is undisputed, that the Denver & Salt Lake Railway Company is engaged in the transportation of freight, passengers, mail, express and baggage, and connects with interstate trains in points in Colorado. Freight waybills, admitted in evidence show that shipments of freight on March 4, were consigned to points outside the state of Colorado. This evidence is legally sufficient to support the Trial Court's conclusion that the Railroad Company was engaged in interstate commerce. The interstate character of the carrier's business being established, the provisions of the Interstate Commerce Act become applicable to both interstate and intrastate activities. Interstate Commerce Commission v. Goodrich Transit Co., 224 U.S. 194, 32 S.Ct. 436, 56 L.Ed. 729; Cf. Wickard v. Filburn, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122.

---

[1] Feb. 4, 1887, c. 104, Sec. 1, 24 Stat. 379, June 29, 1906, c. 3591, Sec. 1, 34 Stat. 584, Apr. 13, 1908, c. 143, 35 Stat. 60, June 18, 1910, c. 309, Sec. 7, 36 Stat. 544, May 29, 1917, c. 23, 40 Stat. 101, and Feb. 28, 1920, c. 91, §§ 400–403, 41 Stat. 474—479.

It is undisputed that appellant filed Form 1227 when he arrived in Denver, as required, and that such form failed to reflect the cash fares he is charged with having failed to record. Since Form 1227 is a record or memorandum within the scope of subparagraph (5), he is therefore subject to the penal provisions of subparagraph (7) (b) if he "knowingly and willfully" failed to record the cash fares as alleged. Kennedy v. United States, 4 Cir., 275 F. 182; United States v. Tippitt, D.C., 298 F. 495.

Appellant was permitted to testify that as conductor he had the sole responsibility for the train and was in charge of the crew, which consisted of an engineer, fireman, head brakeman and rear brakeman; that he was required to handle passengers, mail, express and freight, and was required to keep a record on all the cars in the train; that the head brakeman usually assisted him in supervising the train but his head brakeman on March 4 had never previously made the entire trip. He further offered to show as a defense to the charge of wilfulness that heavy duties on this particular trip prevented him from completing form 1227 before arrival in Denver early on the morning of March 5; that when the fares in question were collected at Oak Creek, he had another stop three miles away, and since he did not have time to calculate the Federal Tax as required, he made a memorandum of the fares in a book furnished by the Railroad Company; that he filed form 1227 upon arrival in Denver without recording the fares, but after going home did calculate the cash fares, cut them in the cash fare receipt book, and then prepared a supplemental report reflecting the fares omitted from his form 1227; that early the next morning he was called out on another run and was arrested upon his arrival in Denver before he had an opportunity to file the supplemental report. He offered in evidence the memorandum book containing the notations of cash fares collected, the cash fare receipt book and the supplemental report. The cash fare receipts were admitted in evidence but the memorandum book and the supplemental report were excluded, as was his evidence concerning them, on the ground that they were self-serving and constituted no defense to the charge. Appellant also offered his own testimony and that of other conductors to the effect that they had previously filed reports later than the day required, and they had been accepted without objection. This testimony was excluded on the ground that it was irrelevant to the question of appellant's guilt.

By its rulings on the evidence and instructions to the jury, the Trial Court made it unmistakenly plain that the only question for the jury was whether the required form had been correctly completed and filed. All testimony tending to show lack of wilfulness was excluded. The Trial Court defined the issues to the jury as whether form 1227 "was properly made out and filed and whether it reflected truly the number of cash fares, as well as the amount of money he collected thereon * * *. If it is not true and correct, as required by the statute, then you would be justified in finding him guilty. * * * That is the sole question for you to decide and any other records that he kept, or anything of that nature, throw no light upon that and have nothing to do with the issues."

Subparagraph (7) (b) makes wilfulness a constituent element of the offense. When the word "wilfulness" is used in a penal statute, more is required than the mere doing of the act proscribed. It generally means an act done with a bad purpose, without justifiable excuse. Screws v. United States, 325 U.S. 91, 101, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330; United States v. Illinois Central Railroad, 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773; United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Spurr v. United States, 174 U.S. 728, 19 S.Ct. 812, 43 L.Ed. 1150; Potter v. United States, 155 U.S. 438, 15 S. Ct. 144, 39 L.Ed. 214; Felton v. United States, 96 U.S. 699, 24 L.Ed. 875; One 1941 Buick Sedan v. United States, 10 Cir., 158 F.2d 445; Hargrove v. United States, 5 Cir., 67 F.2d 820, 90 A.L.R. 1276. The filing of form 1227 without including the collected cash fares created a presumption of wilfulness, but evidence showing or tending to show lack of wilfulness is a defense to the charge and is admissible for that purpose. Hicks v. United States, 150 U.S. 442,

14 S.Ct. 144, 37 L.Ed. 1137; One 1941 Buick Sedan v. United States, supra. The proffered testimony touching the question of wilfulness would have tended to generate a reasonable doubt of the appellant's guilt, and it was therefore error to exclude it

The case is reversed and remanded for a new trial in accordance with the views herein expressed.