**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph J. SPINGOLA, Defendant-Appellant.**

**No. 71-1257.**

United States Court of Appeals, Seventh Circuit.

June 12, 1972.

---

George J. Cotsirilos, S. Jack Micheletto, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Steven Huntley Mora, John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, SPRECHER, Circuit Judge, and DILLIN, District Judge.*

SWYGERT, Chief Judge.

Joseph J. Spingola appeals his conviction on three counts charging violations of 29 U.S.C. § 439(a) and (d) for failure to file timely annual financial reports for the fiscal years 1966, 1967 and 1968 on behalf of the trade union of which he was secretary-treasurer. He challenges his conviction on the grounds: (1) that the verdict was contrary to the manifest weight of the evidence; (2) that the district court erroneously excluded exculpatory evidence; (3) that the district court erroneously instructed the jury; (4) that the district court improperly disparaged the defense he offered in the presence of the jury; (5) that the district court questioned the jurors in the wrong fashion to determine the effect of possibly prejudicial newspaper articles published during the trial; and (6) that the initiation of his prosecution constituted unconstitutionally discriminatory enforcement of a penal statute. We reverse the judgment of conviction on the basis of several trial errors committed by the district court, but we shall not discuss defendant's challenges numbered (1), (5) and (6) above.

During the fiscal years 1966, 1967 and 1968 and at pertinent times thereafter, defendant was secretary-treasurer of the County, Municipal Employees', Supervisors' and Foremen's Union, Local 1001 (hereinafter, "the union"). The statute for the violation of which defendant was convicted requires that the president and treasurer of a union file an annual financial report of the union with the Secretary of Labor within ninety days of the end of the union's fiscal year. 29 U.S.C.

---

* District Judge S. Hugh Dillin of the Southern District of Indiana is sitting by designation.

§ 431(b). It is undisputed that those reports were filed late for each of the years here in question. Because defendant admittedly filed the reports late and because 29 U.S.C. § 439(a) punishes only one who "willfully violates" the requirements of section 431(b), the essential factual conflict at trial was over the question of whether defendant "willfully" failed to file the required reports on time. To establish the necessary element of willfulness, the Government relied in part upon an asserted presumption of willfulness deriving from the fact that defendant had known of his obligation to file the report on time and had not done so. Dearing v. United States, 167 F.2d 310, 312 (10th Cir. 1948), but it also introduced evidence that the same reports had been filed late for 1963, 1964 and 1965, during all of which years defendant was treasurer of the union. *Cf.* United States v. Palermo, 259 F.2d 872, 878 (3d Cir. 1958); United States v. Litman, 246 F.2d 206, 208 (3d Cir. 1957).

The defendant attempted to disprove the element of willfulness by two methods. First, he offered evidence, which was admitted, that the annual reports required of the union for the years 1960 and 1961 had been filed late before defendant had any responsibility for their filing, thereby derogating from the weight to be accorded the Government's evidence that the reports were filed late for 1963, 1964 and 1965. Secondly, defendant offered evidence tending to prove that the late filings were due to the inability of the union's office staff to bring its accounting records up to date, that such updating was necessary for preparation of the reports, that at least a part of the reason for the delay in undating the records was that many of them were in the possession of the Government for extended periods, that the defendant was incapable of updating the accounting records or preparing the reports himself, and that he was likewise unable to expedite or compel the expedition of the filing of the reports. However, the trial court excluded all evidence offered by the defendant in support of his second line of defense. Moreover, the district judge expressly disparaged that line of defense in the presence of the jury.

I

■ Defendant's second line of defense is perhaps best characterized as the defense of physical impossibility—that, while the law imposed upon him a duty to file the annual financial report of his union, he possessed neither the sophistication necessary to prepare it himself nor the ability to compel its timely preparation by others. Genuine impossibility is a proper defense to a crime of omission. W. LaFave & A. Scott, Jr., Handbook on Criminal Law 188 (1972).

■ Defendant contends that the district court excluded nearly all of the evidence which tended to show the absence of the element of willfulness. We agree. When defendant's counsel was questioning Edith D'Avolio, chief bookkeeper and executive office secretary of the union, it was established that none of the officers of the union were directly involved in keeping the union's accounts. Defense counsel then asked the following questions to which objection was sustained:

Q. During the years 1966, '67 and '68, and also '63, '64 and '65, did anything occur that caused a breakdown in this accounting procedure which you have described to the jury? A. Yes, sir.

Q. What if anything did occur? [Obtion sustained].

Q. During those years, 1963 through 1968, what was the condition of your bookkeeping procedures? [Objection sustained].

When Della Crivellone, an executive office secretary of the union was being examined, the following questions were asked:

Q. Did any of the officials of Local 1001 perform any of the functions such as receipt of income and posting of ledgers? [Objection sustained].

\* \* \* \* \* \*

Q. Did Mr. Spingola have anything to do with the preparation of the [annual financial report of the union] for the years 1966, 1967 and 1968? [Objection sustained].

\* \* \* \* \* \*

Q. Was there anything that Mr. Spingola could do as Secretary-Treasurer of Local 1001? [Objection sustained].

The evidence obviously sought to be elicited by the foregoing questions, taken together with evidence which was admitted to the effect that the defendant had not progressed through the high school level in education, would clearly have derogated from the evidence of wilfulness presented by the Government. We therefore conclude, as did Judge Murrah in Dearing v. United States, *supra*, 167 F.2d at 313, an analogous case: "The proffered testimony touching the question of willfulness would have tended to generate a reasonable doubt of the appellant's guilt, and it was therefore error to exclude it."

## II

■ Defendant objects further that the district court instructed the jury in such fashion as effectively to preclude the jury's consideration of his defense. *Inter alia*, the court charged the jury as follows:

Section 439(a) of Title 29, U.S.C., makes it a crime for any person to willfully violate these provisions and Section 439(d) makes each individual required to sign the annual financial report personally responsible for the filing of such report. Thus, if you believe beyond a reasonable doubt that the defendant as Secretary-Treasurer of Union Local 1001 was one of the officers responsible for the filing of annual financial reports, then you are instructed that the defendant had some affirmative duty to ensure that the reports be prepared and filed on time and the officer may not relieve himself of that obligation by delegating that responsibility to subordinate employees.

The giving of that instruction, considered in view of the fact that the other instructions never made clear that negligent failure to file on time would not constitute a willful failure to file, was prejudicial error in that it precluded the jury's consideration of impossibility or other justifiable excuse as a defense to the crime charged. Haner v. United States, 315 F.2d 792, 794 (5th Cir. 1963). This error also necessitates reversal.

## III

■ Finally, defendant contends that comments of the trial judge in the presence of the jury which disparaged the meritoriousness of the defense were so clearly prejudicial as to provide a further ground for reversal. For example, the judge said in a fairly typical statement while the jury was present:

Now they had better repeal this statute if your conception of what defense is proper here is the fact. Just show me a case and hand it up to me by number, not audibly to the jury, and you show me a case that requires me to hold that in the circumstances described by this witness the filing of these reports was not willful and I will be the first to agree with you.

The observations of the Fifth Circuit in Wardlaw v. United States, 203 F.2d 884, 886 (5th Cir. 1953), when discussing the effect of a trial judge's disparaging comments on the defense are especially applicable here: "The comments and remarks of the court in the presence of the jury would have had no effect other than to impress the jury with the belief that there was no good faith defense." As we stated in United States v. Grimes, 413 F.2d 1376, 1378 (7th Cir. 1969), "[T]he defendant in a criminal case is entitled to have the jury consider any theory of the defense which is supported by law and which has some foundation in the evidence, however tenuous." We

believe the comments of the district judge foreclosed the jury's consideration of the only defense presented here.

The judgment of the district court is reversed.