# Illinois Official Reports

## Appellate Court

---

### *People v. Costello*, 2014 IL App (3d) 121001

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS F. COSTELLO, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-1001 |
| Filed | October 23, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for violating an order of protection by failing to turn over all firearms and ammunition in his home, including the firearms specified in the order, to local law enforcement officials was upheld over his contention that the evidence was insufficient to prove his guilt beyond a reasonable doubt in the absence of any testimony that defendant possessed any firearms on the date that a warrant to retrieve the firearms in defendant's possession was served, since the parties stipulated that the order was valid, it was served on defendant, deputies executed a warrant to take possession of defendant's firearms, including those specified in the order, and defendant failed to turn over any firearms; furthermore, defendant never raised the affirmative defense of impossibility or offered any evidence explaining why it would be impossible for him to comply with the order. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 12-CM-2306; the Hon. Victoria M. Kennison, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

R. Christopher White, of State Appellate Defender's Office, of Elgin, for appellant.

James Glasgow, State's Attorney, of Joliet (Robert M. Hansen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice Wright concurred in the judgment and opinion.

## OPINION

¶ 1      The defendant, Thomas F. Costello, was found guilty of violation of an order of protection (720 ILCS 5/12-3.4(a)(1)(i) (West 2010)). The defendant appeals, arguing that the evidence was insufficient to prove him guilty beyond a reasonable doubt. We affirm.

¶ 2                                    FACTS

¶ 3      On August 2, 2012, an order of protection was entered against the defendant. That order provided in part that: "[The defendant] is ordered to turn over any and all firearms, including the following: 9 milmeter [*sic*], 30 odd [*sic*] six, several shotguns and other guns typically kept in [the defendant's] gunsafe [*sic*] in his home." On August 8, 2012, a sheriff's deputy went to the defendant's home to retrieve his firearms, and the defendant failed to turn over any weapons. On August 10, 2012, the defendant was charged by complaint with violation of an order of protection, a Class A misdemeanor, in violation of section 12-3.4(a)(1)(i) of the Criminal Code of 1961 (Code) (720 ILCS 5/12-3.4(a)(1)(i) (West 2010)). The complaint alleged that after "having been served with or having acquired actual knowledge of the contents of an Order of Protection *** [the defendant] did intentionally commit an act which was prohibited by the Order of Protection, in that said defendant failed to surrender firearms and ammunition to local law enforcement."

¶ 4      On November 5, 2012, a stipulated bench trial was held at which the parties stipulated to the following facts: A valid plenary order of protection was issued on August 2, 2012, the terms of which were in effect on the date of the alleged violation. The order required the defendant to "turn over any and all firearms." The defendant was served with the order of protection on August 6, 2012, by Deputy Rafter, and Deputy Rafter would testify that he did not observe any firearms or ammunition in the defendant's possession at the time of service. On August 8, 2012, Deputy Eiden executed a warrant permitting him to retrieve any firearms, ammunition, and Firearm Owners Identification (FOID) card that the defendant might possess. Deputy Eiden would testify that the defendant relinquished an expired FOID card. Deputy Eiden would further testify that he observed no firearms or ammunition in the defendant's gun safe, nor did he otherwise observe the defendant to be in possession of any firearms. The

parties also stipulated to the admission of a receipt showing that the defendant had sold a firearm on February 22, 2011, prior to the issuance of the order of protection.

¶ 5    The trial court noted that the stipulated receipt appeared to be a bill of sale from the defendant to Mega Sports for "one Winchester Model 94 Legendary Frontiersman and 38-35. One box of Legendary Frontiersman ammo and 38-35." The trial court further stated: "I don't see anything here in this bill that references the nine millimeter, the 30 Odd [*sic*] Six, and shotguns [listed in the order of protection]." Consequently, the trial court found the receipt to be irrelevant.

¶ 6    The trial court found the defendant guilty, reasoning that he had been served with a valid plenary order of protection and failed to surrender the firearms that were specifically required by the order. The trial court further reasoned that it "ha[d] not heard any evidence to indicate that there was no weapon as identified in the plenary order of protection."

¶ 7    On November 26, 2012, the defendant filed a "Motion to Reconsider Finding of Guilt/New Trial," alleging that: (1) the stipulations presented at trial did not establish that the defendant violated the order of protection as no State witness would have testified that the defendant possessed a firearm; and (2) the trial court improperly shifted the burden of proof to the defendant to demonstrate that he was not in possession of the prohibited firearms.

¶ 8    The trial court denied the defendant's motion to reconsider, and the court reasserted its finding that the defendant was guilty of violating the order of protection. The defendant appeals.

¶ 9                                    ANALYSIS

¶ 10    On appeal, the defendant argues that the evidence at trial was insufficient to prove him guilty of violation of an order of protection due to his failure to turn over any and all firearms, as required by the order of protection. Specifically, the defendant argues that the evidence was insufficient because the State presented no evidence that the defendant possessed any firearms on the date that the warrant was executed and, as such, the State did not present any evidence that the defendant was capable of complying with the order of protection. Because the defendant's challenge to the sufficiency of the evidence does not question witness credibility or contest the facts, but rather questions whether the uncontested facts were sufficient to prove that the defendant violated an order of protection, our review is *de novo*. *People v. Bunch*, 207 Ill. 2d 7, 13 (2003).

¶ 11    Section 12-3.4(a) of the Code provides that a person commits violation of an order of protection if

> "(1) He or she knowingly commits an act which was prohibited by a court or fails to commit an act which was ordered by a court in violation of:
>
> (i) a remedy in a valid order of protection ***, [and]
>
> * * *
>
> (2) Such violation occurs after the offender has been served notice of the contents of the order *** or otherwise acquired actual knowledge of the contents of the order." 720 ILCS 5/12-3.4(a)(1)(i), (a)(2) (West 2010).

"[T]he statute incorporates by reference a trial court's order as an element of the offense [of violating an order of protection]." *People v. Davit*, 366 Ill. App. 3d 522, 527 (2006). The order of protection in this case provided that the defendant was to turn over "any and all firearms"

including several firearms specified in the order. Thus, the State was required to prove beyond a reasonable doubt that a valid order of protection directed the defendant to turn over any and all firearms, including the firearms specified in the order, and that the defendant failed to do so after having been served with notice of the contents of the order.

¶ 12    The stipulation of the parties was sufficient evidence to prove each of the elements of the offense of violating an order of protection beyond a reasonable doubt. The parties stipulated that the order of protection requiring the defendant to turn over any and all firearms, including several specified firearms, was valid and was served upon the defendant. The parties further stipulated that after the order had been served, a sheriff's deputy arrived at the defendant's residence to execute a warrant to take possession of the defendant's firearms pursuant to the order of protection and that the defendant failed to turn over any firearms to the sheriff's deputy.

¶ 13    Contrary to the defendant's argument on appeal, the State was not required to prove that the defendant was in possession of the firearms described in the order of protection because the defendant never raised an affirmative defense of impossibility. One cannot be held criminally liable for a failure to perform an act that he or she had a legal duty to perform if it would be impossible to do so. See 720 ILCS 5/4-1 (West 2010) ("A material element of every offense is a voluntary act, which includes an omission to perform a duty which the law imposes on the offender *and which he is physically capable of performing.*" (Emphasis added.)); 1 Wayne R. LaFave, Substantive Criminal Law § 6.2 (2d ed. 2012) ("Just as one cannot be criminally liable on account of a bodily movement which is involuntary, so one cannot be criminally liable for failing to do an act which he is physically incapable of performing."); Andrew P. Simester, *On the So-Called Requirement for Voluntary Action*, 1 Buff. Crim. L. Rev. 403, 417 (1998) ("[E]ven for omissions the criminal law requires that [one] must be responsible for her behavior before she commits the actus reus of a crime. [One's] omission is involuntary, and her responsibility for the actus reus is negated, when she fails to discharge a duty *** because it was impossible for her to do so.").

¶ 14    Where, as here, an offense involves a criminal omission, *i.e.*, a failure to perform an action that one has a legal duty to perform, a criminal defendant may raise an affirmative defense of impossibility if it was impossible for him or her to perform a legal duty. See *United States v. Spingola*, 464 F.2d 909, 911 (7th Cir. 1972) ("Genuine impossibility is a proper defense to a crime of omission."); 1 Paul Robinson, Criminal Law Defenses § 87(a) (1984) ("[I]t is a defense to omission liability that the actor is not capable of performing the required act."). An affirmative defense of impossibility to a crime of omission has long been recognized at common law. See *Willing v. United States*, 4 U.S. (4 Dall.) 374 (1804) ("[T]he law does not compel parties to impossibilities."), *aff'd*, 8 U.S. (4 Dall.) 48 (1807); see also *People v. Likine*, 823 N.W.2d 50, 65 (Mich. 2012).

¶ 15    Illinois law is largely silent on the common law defense of impossibility. As a practical matter, it is unusual that a criminal defendant is incapable of complying with a court order or otherwise performing some legally imposed duty. Further, the relevant facts to an impossibility defense are peculiarly within the knowledge of the accused. Therefore, impossibility is best treated as an affirmative defense to a crime of omission to be raised by a defendant when applicable rather than an element for the State to prove in every criminal omission case. See *People v. Biers*, 41 Ill. App. 3d 576, 583 (1976) ("The use of affirmative defenses is thus more a matter of convenience than anything else and does not violate the

defendant's right to be proven guilty beyond a reasonable doubt" as the State is still required to meet the burden of proof beyond a reasonable doubt as to that issue.). Although Illinois courts have not addressed the treatment of involuntary omissions, the Illinois Supreme Court has recognized involuntary conduct as a defense rather than treating it as an element of every crime for the State to prove in every case. See *People v. Grant*, 71 Ill. 2d 551 (1978).

¶ 16 To raise an affirmative defense of impossibility, a defendant must present some evidence that it was impossible for him to comply with the court's order unless the State's evidence raises the issue. See 720 ILCS 5/3-2(a) (West 2010). Once the issue of impossibility is raised, the State must sustain its burden of proving beyond a reasonable doubt that it was possible for the defendant to comply with the order of protection, as well as proving all the other elements of the offense. See 720 ILCS 5/3-2(b) (West 2010).

¶ 17 Here, the defendant did not present any evidence that he did not actually own or possess the firearms listed in the order of protection such that he would be incapable of turning them over to law enforcement. The mere fact that the firearms named in the order of protection were not in the defendant's gun safe where they were allegedly "typically kept" at the time Deputy Eiden executed his warrant or otherwise observed by Deputy Eiden or Deputy Rafter is not evidence that the defendant was *not capable* of complying with the order of protection. The defendant could have hidden the firearms or given them to a friend to avoid complying with the order. A criminal defendant may not circumvent the provisions of an order of protection by failing to turn over items specified in an order of protection without offering any sort of explanation for his failure to produce the items. Had the defendant offered some evidence that it was *not possible* for him to comply with the order, he would have raised an impossibility defense and the State would have had to prove beyond a reasonable doubt that it was possible for the defendant to comply with the order. The defendant having failed to do so, we must affirm the conviction.

¶ 18                                                    CONCLUSION
¶ 19 The judgment of the circuit court of Will County is affirmed.

¶ 20 Affirmed.