UNITED STATES *v.* ILLINOIS CENTRAL RAILROAD CO.

No. 352.   Argued January 14, 17, 1938.—Decided February 28, 1938.

---

240

[redacted]

*Mr. Gordon Dean* argued the cause, and *Solicitor General Reed, Assistant Attorney General McMahon,* and *Mr. W. Marvin Smith* were on the brief, for the United States.

*Mr. Selim B. Lemle,* with whom *Messrs. Arthur A. Moreno, E. C. Craig, Charles N. Burch, H. D. Minor,* and *Clinton H. McKay* were on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner brought this suit in the federal court for eastern Louisiana to recover from respondent a penalty for violation of the Act of June 29, 1906, 34 Stat. 607, 45 U. S. C. §§ 71–74. Upon an agreed statement, the court found the facts, stated its conclusions of law and gave judgment for respondent. The circuit court of appeals affirmed. 90 F. (2d) 213. This Court granted a writ of certiorari. 302 U. S. 671.

The question for decision is whether, as a matter of law, the facts found show conclusively that respondent knowingly and willfully failed to comply with the requirements of the first section of the Act.

It declares that no carrier whose road forms a part of a line over which cattle shall be conveyed from one State to another shall confine the same in cars for longer than 28 consecutive hours without unloading them into properly equipped pens for rest, water and feeding unless pre-

vented by storm or by other accidental and unavoidable causes which cannot be anticipated or avoided by the exercise of due diligence and foresight; upon the written request of the owner the time of confinement may be extended to 36 hours. Section 2 requires that animals so unloaded shall be properly fed and watered. Section 3 provides: "Any railroad . . . who knowingly and willfully fails to comply with the provisions of the two preceding sections shall for every such failure be liable for and forfeit and pay a penalty of not less than $100 nor more than $500 . . ." recoverable by civil action in the name of the United States. § 4.

The petition alleged that respondent knowingly and willfully confined cattle in a car for 37 hours without unloading them. The answer admitted that the cattle were continuously confined in the car from three o'clock in the afternoon of October 8, 1932, when loaded at point of shipment, Hermanville, Mississippi, until four o'clock of the morning of October 10 when unloaded at destination, New Orleans, Louisiana, but directly put in issue the allegation that respondent knowingly and willfully so confined the cattle. It alleged that the car arrived at New Orleans at 11: 35 in the evening of October 9; that having received advance information of the approximate time of arrival and of the time when the 36-hour period would expire, respondent's yardmaster, in order promptly to handle the shipment, procured an extra engine and crew immediately upon arrival of the car to take it to the stockyards and, before the expiration of the permissible time of confinement, there place it for unloading; that the yardmaster negligently failed to notify the employee, whose duty it was to unload; and because of his oversight and negligence the cattle were continuously confined in the car for 37 hours.

A motion by petitioner for judgment on the pleadings having been overruled, the parties waived trial by jury and stipulated evidentiary facts in substance as alleged

in the answer. They left open the question whether respondent knowingly and willfully confined the cattle for more than 36 hours. The case was submitted for decision on the agreed statement without more. The court found evidentiary facts in accordance with the stipulation, held failure to unload within the time was due to the negligence of the yardmaster, and concluded that respondent did not knowingly and willfully fail to comply with the statute.

The case depends upon the meaning of the phrase "knowingly and willfully," used in § 3 to characterize the transgressions for which penalties are imposed. The Act is to be construed to give effect to its humanitarian provisions, and as well to the exceptions in favor of the carriers. *Chicago & N. W. Ry. Co.* v. *United States,* 246 U. S. 512, 517–518. The penalty is not imposed for unwitting failure to comply with the statute. *United States* v. *Sioux City Stock Yards Co.,* 162 Fed. 556, 562. *United States* v. *Stockyards Terminal Ry. Co.,* 178 Fed. 19, 23. *St. Joseph Stockyards Co.* v. *United States,* 187 Fed. 104; *Oregon-Washington R. & Nav. Co.* v. *United States,* 205 Fed. 341, 343. But in this case, the respondent knew when the permissible period of confinement would expire, brought the car to destination, and, within the time allowed, placed it for unloading. By allowing the 36 hours to expire, it "knowingly" failed to comply with the statute.

Mere omission with knowledge of the facts is not enough. The penalty may not be recovered unless the carrier is also shown "willfully" to have failed. In statutes denouncing offenses involving turpitude, "willfully" is generally used to mean with evil purpose, criminal intent or the like. But in those denouncing acts not in themselves wrong, the word is often used without any such implication. Our opinion in *United States* v. *Murdock,* 290 U. S. 389, 394, shows that it often denotes that

which is "intentional, or knowing, or voluntary, as distinguished from accidental," and that it is employed to characterize "conduct marked by careless disregard whether or not one has the right so to act." The significance of the word "willfully" as used in § 3 now before us, was carefully considered by the circuit court of appeals for the eighth circuit in *St. Louis & S. F. R. Co.* v. *United States*, 169 Fed. 69. Speaking through Circuit Judge Van Devanter, now Mr. Justice Van Devanter, the court said (p. 71): " 'Willfully' means something not expressed by 'knowingly,' else both would not be used conjunctively. . . . But it does not mean with intent to injure the cattle or to inflict loss upon their owner because such intent on the part of a carrier is hardly within the pale of actual experience or reasonable supposition. . . . So, giving effect to these considerations, we are persuaded that it means purposely or obstinately and is designed to describe the attitude of a carrier, who, having a free will or choice, either intentionally disregards the statute or is plainly indifferent to its requirements." That statement has been found a useful guide to the meaning of the word "willfully" and to its right application in suits for penalties under § 3. *United States* v. *Stockyards Terminal Ry. Co., supra*, 23. *St. Joseph Stockyards Co.* v. *United States, supra*, 105. *Oregon-Washington R. & Nav. Co.* v. *United States*, 205 Fed. 337, 339. *St. Louis Merchants' Bridge T. Ry. Co.* v. *United States*, 209 Fed. 600. See also *Chicago, B. & Q. R. Co.* v. *United States*, 194 Fed. 342, 346. *United States* v. *Kansas City Southern Ry. Co.*, 202 Fed. 828, 833.

Considered as unaffected by the yardmaster's negligence, respondent's failure to take the cattle from the car already placed at the yard for unloading, unquestionably discloses disregard of the statute and indifference to its requirements and compels the conclusion that, within the meaning of § 3, respondent willfully violated its duty

to unload as required by § 1. It is immaterial whether the yardmaster's negligence or oversight was intentional or excusable. As between the government and respondent, the latter's breach is precisely the same in kind and degree as it would have been if its yardmaster's failure had been intentional instead of merely negligent. The duty violated did not arise out of the relation of employer and employee but was one that, in virtue of the statute, was owed by respondent to the shippers and the public. As respondent could act only through employees, it is responsible for their failure. To hold carriers not liable for penalties where the violations of §§ 1 and 2 are due to mere indifference, inadvertence or negligence of employees would defeat the purpose of § 3. Whether respondent knowingly and willfully failed is to be determined by the acts and omissions which characterize its violation of the statute and not upon any breach of duty owed to it by its employees. Respondent's contention · that it is not liable because its failure was due to the negligence or oversight of the yardmaster cannot be sustained. *Montana Cent. Ry. Co.* v. *United States,* 164 Fed. 400, 403. *United States* v. *Atlantic Coast Line R. Co.,* 173 Fed. 764, 769. Cf. *Oregon-Washington R. & Nav. Co.* v. *United States,* 205 Fed. 337, 340.

*Reversed.*

MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration or decision of this case.