## UNITED STATES v. BOSTON & MAINE R. R.

### No. 3358.

Circuit Court of Appeals, First Circuit.
Nov. 12, 1938.

636

C. Keefe Hurley, Asst. U. S. Atty., of Boston, Mass. (John A. Canavan, U. S. Atty., of Boston, Mass., on the brief), for appellant.

Richard W. Hall, of Boston, Mass., for appellee.

Before BINGHAM and WILSON, Circuit Judges, and PETERS, District Judge.

BINGHAM, Circuit Judge.

This is an action at law brought by the United States against the Boston & Maine Railroad in the District Court for Massachusetts to recover the penalty prescribed by Section 3 of the Act of June 29, 1906, Chap. 3594 (34 Stat. 607) due from the defendant for violation of Section 1 of the Act (Sections 71 and 73, Title 45, U.S.C., 45 U.S.C.A. §§ 71, 73). These sections read as follows:

"Sec. 1 [Section 71]. * * * No railroad * * * whose road forms any part of a line of road over which cattle, sheep, swine, or other animals shall be conveyed from one State or Territory or the District of Columbia into or through another State or Territory * * * shall confine the same in cars * * * for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner, into properly equipped pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which can not be anticipated or avoided by the exercise of due diligence and foresight: Provided, That upon the written request of the owner or person in custody of that particular shipment, * * * the time of confinement may be extended to thirty-six hours."

"Section 3 [Section 73]. * * * Any railroad * * * who knowingly and willfully fails to comply with the provisions of the * * * preceding sections shall for every such failure be liable for and forfeit and pay a penalty of not less than $100 nor more than $500."

The declaration charged a violation of Section 1 with respect to a carload of sheep—255 in number—shipped from Detroit, Mich., to East Somerville, Mass., which, after rest and feeding at East Buffalo, N. Y., were reloaded at 5:30 o'clock on the evening of December 8, 1932, and thereafter received by the defendant at Mechanicville, N. Y., at 4:45 in the afternoon of December 9, 1932; that the defendant conveyed the same over its road to Greenfield, Mass., where they were unloaded at 11 o'clock in the forenoon of December 10, 1932, without having been unloaded in the meantime; that the owner had requested in writing that the time of confinement be extended to 36 hours; that the sheep were confined in the car for more than that length of time, to wit, for 41 hours and 30 minutes, without unloading from the time they left East Buffalo, N. Y., on December 8, 1932. It was further alleged that the defendant did knowingly and wilfully confine the sheep for a period of more than 36 consecutive hours; and that the defendant was not prevented by storm or by other accidental or unavoidable causes which could not have been anticipated or avoided by the exercise of due diligence and foresight.

The defendant in its answer denied each and every allegation in the plaintiff's declaration.

Trial by jury having been duly waived, the case was tried before the court October 7, 1937, on an agreed statement of facts and at the conclusion of the evidence on that day the plaintiff filed requests for rulings of law and a motion for judgment in its favor.

In its requests for rulings of law the plaintiff, among other things, requested the following: (1) That the burden of proving that it came within the excepting provisions of the statute was upon the defendant if it sought to avoid liability for the confinement, and (2) the defendant had failed to sustain this burden.

The court found the essential facts from the agreed statement as follows: That on December 9, 1932, the defendant received from another carrier at Mechanicville, N. Y., a consignment of 255 sheep confined in a double-decked freight car; that, at the time the sheep were delivered to it, the defendant knew that the sheep had not been unloaded for rest, water, and

feed during the previous 23 hours and 15 minutes; that the car containing the sheep left Mechanicville, N. Y., at 7:45 P. M. that day en route to Boston (East Somerville, Mass.); that the train had a scheduled running time of 9 hours and 30 minutes, but its actual running time varied between 8 hours and 15 minutes and 8 hours and 30 minutes; that the unexhausted permissible period of confinement at that time was 9 hours and 45 minutes, the confinement period having been extended from 28 to 36 hours and that ample time for the run to East Somerville and the unloading of the sheep within the statutory period remained; that at North Adams, Mass., it was discovered that two drawbars on cars in the train had broken or pulled out, which necessitated a delay there of 2 hours and 25 minutes to replace or repair them; that, thereafter, on the arrival of the train at East Deerfield, Mass., the car containing the sheep was cut out and routed to Greenfield, Mass., where some facilities were provided for unloading sheep; that at 5:20 A. M. of December 10, 1932, the lower deck of the car was unloaded for rest, water and feed, and was reloaded at 10:20 A. M.; that at 11 A. M. the upper deck was unloaded; that the sheep in the upper deck had been confined with the knowledge of the defendant for more than 36 consecutive hours without unloading for rest, water and feed, or a total of 41 hours and 30 minutes.

It ruled that while the statute exempted from its operation delay occurring through accidental or unavoidable causes which could not be anticipated or avoided by the exercise of due diligence and foresight, the pulling out or breaking of the drawbars which caused the delay of 2 hours and 25 minutes was such an accidental and unavoidable cause as comes within the terms of the statute. And, while ruling that the burden of proving that this issue was on the defendant found that the breaking or pulling out of the drawbars and the consequent delay was an unforeseen, accidental cause which a reasonably prudent person under like circumstances could not have anticipated or avoided, and wrought an unexpected delay of the train; and that there was no substantial evidence of wilful violation of the law by the defendant.

Judgment having been entered for the defendant, the plaintiff appealed. The error assigned and relied upon is that the court erred in failing to hold that the defendant had not sustained its burden to prove the facts which came within the exemption provisions of the statute.

If it should be held, notwithstanding the plaintiff's allegation in its declaration —that "said defendant was not prevented from unloading said sheep by storm or other accidental or unavoidable cause which could not have been anticipated or avoided by the exercise of due diligence and foresight," that the burden of proving the negative of this allegation was upon the defendant, we think there was substantial evidence from which it could have been found that had the defendant examined the drawbars in question at Mechanicville, it would not have discovered the trouble and avoided the delay at North Adams. When the train reached North Adams from Mechanicville it had been in transit over the Berkshire hills for a little over 4 hours, and we think this was evidence authorizing a finding that the trouble with reference to the drawbars would not have been discovered and avoided by the exercise of reasonable care and inspection at Mechanicville, and that the delay occasioning the over-confinement of the sheep was not due to the defendant's fault. This being so the court below properly found and ruled that the defendant had not wilfully failed to comply with the provisions of Section 1 and was not liable to a penalty under Section 3 of the Act. Section 3, construed most favorably to the government, does not warrant a finding that there was wilful failure to comply with the provisions of Section 1 where it appears that the delay was due to accident and was not the carrier's fault.

We are not called upon to decide whether the word "wilful," as used in Section 3, refers to a carrier who, having a free will or choice, either intentionally disregards the statute or is plainly indifferent to its requirements, or would be satisfied by some less inclusive proof, for it is not necessary to the disposition of this case. St. Louis & S. F. R. Co. v. United States, 8 Cir., 169 F. 69, 72; United States v. Illinois Central R. Co., 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773; United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 78 L.Ed. 381

The judgment of the District Court is affirmed.