## BOSTON & M. R. R. v. UNITED STATES.
### No. 3366.

Circuit Court of Appeals, First Circuit.

Nov. 12, 1938.

Richard W. Hall, of Boston, Mass., for appellant.

C. Keefe Hurley, Asst. U. S. Atty., of Boston Mass. (John A. Canavan, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM and WILSON, Circuit Judges, and PETERS, District Judge.

BINGHAM, Circuit Judge.

This is an action at law brought by the United States against the Boston & Maine Railroad in the District Court for Massachusetts to recover the penalty prescribed by Section 3 of the Act of June 29, 1906, Chap. 3594 (34 Stat. 607), due from the defendant for violation of the Act (Sections 71 and 73, Title 45 U.S.C., 45 U.S.C.A. §§ 71, 73).

The declaration charged a violation of Section 1 of the above Act with respect to a carload of sheep, 250 in number, shipped from Detroit, Mich., to East Somerville, Mass., which, after resting and feeding at East Buffalo, N. Y., were there reloaded at 5:25 o'clock on the evening of December 9, 1932, and received by the defendant at Mechanicville, N. Y., without unloading, at 5:20 p.m. December 10, 1932; that the defendant conveyed the same over its road to Greenfield, Mass., where they were unloaded at 9 o'clock a.m. December 11, 1932,

without having been unloaded in the meantime; that the owner had requested in writing that the time of confinement be extended to 36 hours; that the sheep were confined in the car for over that time, to wit, for 39 hours and 35 minutes without unloading, from the time they were reloaded at East Buffalo, N. Y., at 5:25 p.m. December 9, 1932. It was further alleged that the defendant did knowingly and wilfully confine the sheep for over 36 hours; and that the defendant was not prevented by storm or other accidental or unavoidable cause which could not be anticipated or avoided by the exercise of due diligence and foresight.

The defendant in its answer denied each and every allegation in the plaintiff's declaration.

Trial by jury having been duly waived, the case was tried before the court on October 7, 1937, on an agreed statement of facts, and, at the conclusion of the evidence on that day, the defendant filed requests for rulings of law and a motion for judgment in its favor. The main request for rulings of law was that in order to find the defendant liable the plaintiff must show that the failure to unload the sheep was knowingly and wilfully done.

The court found the essential facts from the agreed statement as follows: That on December 10, 1932, at 5:20 p.m. the defendant received from another carrier at Mechanicville, N. Y., a consignment of 250 sheep confined in a double deck freight car for delivery at Somerville, Mass.; that at the time the sheep were received by the defendant at Mechanicville, N. Y., it had knowledge that they had not been unloaded for rest, water and feed during the previous 23 hours and 55 minutes; that at 8:25 p.m. on the same day that it received the sheep at Mechanicville from the other carrier it started its train en route for Somerville, Mass.; that at that time 27 hours of the 36 hour period had run; that there remained but 9 hours of the unexhausted permissible confinement period at that time, which had been extended by request in writing from 28 hours to 36; that the scheduled running time between Mechanicville, N. Y., and Somerville, Mass., was 9 hours and 30 minutes, but its actual running time varied from 8 hours and 15 minutes to 8 hours and 30 minutes; that when the train left Mechanicville it was snowing; that the fall of snow was not of such depth or intensity as to pile up

drifts, but it rendered the rails slippery; that on arrival of the train at East Deerfield, Mass., at 1:10 a.m. on December 11, 1932, the car containing the sheep was cut out of the train and sent to Greenfield, Mass., where there were some facilities for unloading and caring for the sheep; that the facilities at Greenfield, however, were not sufficient to take care of a double decked car of sheep; that the lower deck was unloaded at 3:10 a.m. and reloaded at 8:30 a.m.; that the sheep on the upper deck were not unloaded until 9 a.m. on the morning of December 11, 1932; that the number of sheep confined in the upper deck was 125, and these were the sheep that were confined for a period of 39 hours and 35 minutes without feed, rest and water.

The court ruled that in order to find the defendant liable the government must show that the failure to unload the sheep was knowingly and wilfully done; that the defendant had failed to show that the delay could not have been anticipated or avoided by the exercise of due diligence and foresight; that a snow storm occurring at Mechanicville, N. Y., on December 10 could not have been deemed such an unusual event as would excuse the defendant; that the fact it was snowing when the train left Mechanicville should have put the defendant on notice that delay was very likely to occur; that having knowledge there was but a slight margin between its running time and the unexhausted permissible time under the statute, the defendant took a chance in dispatching the sheep and lost; and that this fact admitted but one conclusion—that the defendant had violated the statute.

In the assignments of error relied on the defendant complains that the court erred in finding that the government had shown that the failure to unload the sheep was knowingly and wilfully done. It is its contention that the term "wilful" as used in this statute was designed to describe the attitude of a carrier who, having a free will or choice, acted intentionally in violation of the statute or was indifferent to its requirements. Assuming this is the correct meaning of the word "wilful" as used in Section 3, and we think it is (United States v. Illinois Cent. R. Co., 303 U.S. 239, 243, 58 S.Ct. 533, 82 L.Ed. 773), the District Court did not err in finding that the defendant violated the statute, for it had found as a fact that the defendant at the time its train left Mechanicville had reason

to believe that, owing to the condition of the weather and the limited time it had \to make the trip to Somerville before the confinement period would expire, it could not do so within the limited period, and took its chance; in other words, was plainly indifferent to the requirements of the statute.

The judgment of the District Court is affirmed.