**UNITED STATES v. BOSTON & M. R. R.**

**No. 7098.**

District Court, D. Massachusetts.

Dec. 29, 1939.

Alfred G. Malagodi, Asst. U. S. Atty., and Edmund J. Brandon, U. S. Atty., both of Boston, Mass.

Richard W. Hall, of Boston, Mass., for Boston & M. R. R.

SWEENEY, District Judge.

This is an action to recover the penalty provided in Section 73 for failure to comply with Section 71 of 45 U.S.C.A. (34 Stat. 607) which in substance prohibits the retention of sheep in transit for more than 36 hours without unloading them for rest, water and feeding. The case was submitted upon a stipulation, and upon an oral agreement of other facts between counsel in open court, from which the following findings of fact are made:

On December 3, 1936, the defendant received the car involved from a connecting carrier at Mechanicville, New York. The animals at that time had been confined continuously for 22 hours without unloading for feeding, water and rest. The car left Mechanicville in the defendant's train at 8:27 P. M. on the same day. The statutory period was due to expire at 5:50 A. M. on December 4th. There was thus approximately 9½ hours of available running time. The average running time from Mechanicville to Boston is 8½ hours. The scheduled running time is 8 hours and 45 minutes. An inspection of the train before departure from Mechanicville disclosed it to be in good running condition.

No delays were encountered until the train reached Ayer, Massachusetts, where an inspection revealed that the brake beam

on one of the cars was broken and down. There was a delay of 35 minutes repairing the beam. After the beam was repaired the engineer started the train to Boston. A conductor was standing on the ground waiting to swing onto the caboose as it passed him. When the caboose reached him the conductor could not get on it because of the speed of the train and the icy footing. There was no explanation why the conductor had not swung onto one of the cars which passed him before the caboose, and before the train had reached a speed that was unsafe for him to board it.

At some point beyond Ayer it was discovered that the conductor was not on the train, and the train was then stopped and backed up to pick him up. This resulted in a further delay of 40 minutes. The car arrived in Boston at 6:05 A. M. on December 4th, and was prepared for unloading at 6:30 A. M. The unloading was thus 40 minutes beyond the period allowed by the statute. The delay occasioned by the necessity of picking up the conductor does not come within the class of unavoidable causes which could not be anticipated or avoided by the exercise of due diligence and foresight. Either or both the conductor and the engineer were negligent in so operating the train as to cause this delay.

Section 73 imposes liability upon any carrier who knowingly and willfully fails to comply with the provisions of Section 71. Section 71 has been described to be a humane statute designed to prevent cruelty to animals in transit, and the "knowingly and willfully" clause has been construed in United States v. Illinois Central Railroad Co., 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773. In that decision it was said that the whole act must be construed to give effect to its humanitarian provisions, as well as to the exceptions in favor of carriers. When the conductor's absence was first noted, the defendant acting through the next man in charge of the train had an election to proceed to Boston and unload within the statutory period or to return for the conductor and overrun the time limit. Whether guided in this decision by rules of the road, or merely acting through custom, the person who made the decision to return for the conductor knowingly and willfully put the defendant in a position where it could not in the usual course of things comply with the statute. In United States v. Illinois Central Railroad Co., supra, 303 U.S. at page 244, 58 S.Ct. at page 535, 82 L.Ed. 773, Mr. Justice Butler stated: "As respondent could act only through employees, it is responsible for their failure. To hold carriers not liable for penalties where the violations * * * are due to mere indifference, inadvertence or negligence of employees would defeat the purpose" of the act. "Whether respondent knowingly and willfully failed is to be determined by the acts and omissions which characterize its violation of the statute and not upon any breach of duty owed to it by its employees." The acts and omissions which characterize the violation of the statute here plainly indicate that they were not brought about by accidental or other unavoidable causes which could not have been anticipated or avoided by the exercise of due diligence and foresight.

The failure to unload until 40 minutes after the expiration of the statutory period was a violation of 45 U.S.C.A. § 71. The 40 minutes delay occasioned by picking up the conductor was not occasioned by an accidental or unavoidable cause which could not have been anticipated or avoided by the exercise of due diligence and foresight.

The United States is to have judgment against the defendant in the sum of $250 with costs. The defendant's motion for judgment is denied.

The defendant's requests for rulings are allowed.