*Third District Court of Eastern Middlesex*

No. 2175 of 1955

*Northern District*

No. 4992

**ALFRED F. HOBAN**

v.

**BONNIE T. COGGINS
ELISABETH C. COGGINS**

(August 22, 1956)

*Gadsby, P. J.* This is an action to recover for an alleged overcharge of rent, on the premises known and numbered as 30 Cambridge Terrace, Cambridge, Massachusetts, and also treble damages for alleged bad faith in the overcharge of rent. The case was tried before (*Viola, J.*).

The plaintiff's declaration is in six counts and alleges that the plaintiff became a tenant of the defendant's on, or about November 1, 1949 and paid therefore the rental of $45.00 per month from November 1, 1949 until June 30, 1955; that the rent ceiling for said apartment was $30.00 per month, said apartment being registered with the rental authority for the City of Cambridge, Massachusetts; that the defendants owe the plaintiff the sum of $990.00 for said overcharge and that the defendants owe the plaintiff the sum of $2,970, or three times the amount of the alleged overcharge, as the result of bad faith on the part of the defendants in receiv-

ing and demanding moneys in excess of the maximum rent ceiling.

The answer is general denial, payment and that the defendants have not violated any regulations or orders of the City of Cambridge and call upon the plaintiff to prove same at the trial.

*At the trial there was evidence tending to show that* the defendants purchased the property at 30 Cambridge Terrace during the year of 1947; that during the year of 1945 the grantors in the deed to the defendants occupied the first floor apartment of the premises at 30 Cambridge Terrace, Cambridge, Massachusetts; that the plaintiff occupied said first floor apartment from November 1, 1949 through June 30, 1955 as tenant of the defendants; that the rent charged by the defendants was $45.00 per month; that the rent ceiling was $30.00 per month; that after the plaintiff took possession of the apartment in question the defendants caused work to be done on the property as follows:

1. Electrical work, value $27.00 June 11, 1954
2. Plumbing work, " 125.00 June 16, 1949
3. Plumbing work, " 12.43 June 20, 1955
4. Retaining wall " 49.25 June 1955
5. Front stairs " 87.00 Aug. 14, 1951
6. Back porch " 125.00 Apr. 1953
7. Lumber front stairs " 30.25 Apr. 1953
8. Sink " 159.00
9. Stove " Nov. 11, 1949

In addition, the apartment occupied by the plaintiff was painted.

During the year 1956 the plaintiff filed a petition with the rent board in and for the City of Cambridge, complaining of the overcharge; then the defendants duly filed with said board their answer to said petition; then on December 8, 1955, the rent was raised from $30.00 per month to $44.50 per month by the rent board of the City of Cambridge; that the plaintiff was in arrear in his rent for one month;

that the plaintiff did work for which the defendants waived said rent, but this was denied by the defendants; that the plaintiff vacated the apartment without having given the statutory notice as required. Evidence was excluded as to improvements made in the apartment in question prior to the purchase of the property by the defendants. The defendants duly claimed a report.

The defendants made requests for rulings of law which were denied, as follows:

2. If the Court finds that the plaintiff received additional services which were not registered for the dwelling at 30 Cambridge Terrace, then the Court will be warranted in taking into account the value or worth of these additional services which were received by the plaintiff.

3. If the Court finds that the plaintiff received additional services other than those which were listed with the Rental Authority, and also that there were substantial improvements made in the dwelling unit at 30 Cambridge Terrace, then the Court would be warranted in taking into account the additional services and improvements to determine whether or not there was an overcharge in rent, or whether there was bad faith or wilfullness on the part of the defendants.

4. If the Court finds that the Rent Board of the City of Cambridge was informed by the plaintiff that there was an alleged overcharge of rent and that said Board looked into the matter and raised the rent ceiling from $35.00 per month to $44.50 per month, then the Court would be warranted in taking into consideration the Board's action and may find that there was no bad faith on the part of the defendants.

8. Upon all of the evidence, a finding should be entered for the defendants for the following reasons:

(2) The plaintiff received additional services that were not listed for the rental unit at 30 Cambridge Terrace.

(b) There was no wilful violation on the part of the defendants.

(c) The services which the plaintiff received were at

least equal to the amount of rent which said plaintiff paid for the rental accomodation at 30 Cambridge Terrace.

The Court made the following Memo of Findings; "In 1947, the defendant purchased a three family house located at No. 30 Cambridge Terrace. At the time of this conveyance, there existed a so-called rent maximum or ceiling on suite No. 1 (first floor) of $30.00 per month. That this maximum rental remained upon said suite until after the plaintiff moved therefrom in June of 1955. The plaintiff rented this apartment from the defendants in November, 1949 and remained a tenant continuously until the date of moving, and paid $45.00 each month as rental to the defendants. In June of 1953 the City of Cambridge by proper vote and authorization accepted the provisions of chapter 435 (acts of 1953) and act relative to Rent Control.

That during the tenancy, the plaintiff rendered certain services to the defendants for which services the defendants waived payment of rent then due for one month ($45.00) to the defendants.

The defendants repaired the premises as well as installed many new fixtures during the tenancy. I find that this was done to improve and preserve the property for the benefit of the defendants. That it was not done for the benefit of the plaintiff.

That at the time of, and subsequent to their purchase of these premises, the defendants failed to properly inquire into the rent ceiling of the premises then in existence and they failed to take practicable precautions against the violation. I find the violation to have been wilful.

Suit to recover damage was brought within the year as provided in said act.

I therefore find for the plaintiff for three times the amount of excessive payments received by the defendants, namely, $15.00 per month for twelve months $180 x 3 — $540.00 on counts No. 1 and No. 3.

The defendants claiming to have been aggrieved by the rulings and refusals to rule as requested, I hereby report the same to the Appellate Division for determination."

/s/ M. Edward Viola

M. Edward Viola, Justice

There was no error committed by the trial judge in his disposition of the defendants' requests for rulings of law numbers 2. 3, 4 and 8. They became immaterial in view of the specific findings by the trial judge that the defendants failed to take practicable precautions against the occurrence of the violation and that the violation was wilful. The Court in accordance with St. 1953, c. 434, §7(A) found treble damages against the defendants.

The burden was on the defendants to prove that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. This burden the Court found the defendants did not sustain.

The word "wilful" in the Statute means voluntarily or knowingly as opposed to maliciously. As the Court said in *Zimberg v. U. S.* (Mass.) 142 F2d 132, 137: "It is a word of many meanings depending upon the context in which it is used. *Spies v. U. S.* 317 US 492, 495. In statutes denouncing offences involving turpitude, 'wilfully' is generally used to mean with evil purpose, criminal intent or the like. But in those denouncing acts not in themselves wrong, the word is often used without any such implication. Our opinion in *U. S. v. Murdock*, 290 US 389, 394, shows that it often denotes that which is 'intentional, or knowing, or voluntary, as distinguished from accidental, and it is employed to characterize conduct marked by careless disregard as to whether or not one has the right to so act' " *U. S. v. Ill. Cent. RR Co.*, 303 US 239.

Even though the conduct of the defendants was not wilful, yet they are liable if they failed to take

practicable precautions against the occurrence of the violation. *Hegarty v. Guindon*, Appellate Division, Western District, June 4, 1956. (The Legalite) Vol. 7, Page 4, July 23, 1956.

There being no prejudicial error committed by the trial judge in his disposition of the defendants' requests for rulings of law, the report is ordered dismissed.

John Davey, for the plaintiff.
Charles P. Eaton, for the defendant.