James D. HODGSON, Secretary of Labor, United States Department of Labor (Substituted as Plaintiff for George P. Shultz, Resigned), Plaintiff,

v.

Ted O. HYATT and Opal Hyatt, Individuals, doing business as Ted's Plumbing & Repair, Defendants.

Civ. A. No. 768.

United States District Court, N. D. Florida, Marianna Division.

Aug. 19, 1970.

Beverly R. Worrell, Regional Solicitor, U. S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Earl R. Duncan, Panama City, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MIDDLEBROOKS, District Judge.

This cause came on for trial before the Court without a jury, June 25, 1970. The Court having previously rendered partial summary judgment and on trial having heard and considered the testimony, stipulations, exhibits and all the admissible evidence, the arguments of counsel and being fully advised, the Court now finds the facts specially and concludes the law as follows:

## FINDINGS OF FACT

1. The Secretary of Labor seeks in this action an injunction against violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, including an order restraining the defendants from withholding overtime compensation due certain of their employees.

2. Defendants Ted O. Hyatt and Opal Hyatt reside in Panama City Beach, Bay County, Florida, where they are and at all times hereafter mentioned have been engaged in the plumbing business, trading and doing business under the name and style of Ted's Plumbing and Repair.

3. Defendant Ted O. Hyatt is the owner of the business. Defendant Opal Hyatt directed and supervised some of the work assignments of employees, kept the payrolls which are in question here, prepared and executed the back wage receipts hereafter discussed and obtained affidavits from employees in connection with this case. Both defendants actively manage, supervise and direct the business affairs of Ted's Plumbing and Repair in relation to the employees hereafter described and have so acted at all pertinent times.

4. It was stipulated by the parties, and the Court so finds, that at all times hereafter mentioned defendants performed related activities through their own operation and control for the business purpose of engaging in construction and reconstruction of plumbing and related systems and that the employees named on Schedule "A" hereto at all times hereafter mentioned were engaged in construction and reconstruction work including employees receiving, handling and otherwise working on goods which have been moved in or produced for commerce.

5. During the period since on or about February 1, 1967, the defendants employed the employees during the periods indicated with respect to each on Schedule "A" hereto, for workweeks longer than 44 hours until February 1, 1968; for workweeks longer than 42 hours until February 1, 1969; and for workweeks longer than 40 hours thereafter, without compensating said employees for their employment for such overtime hours at rates not less than one and one-half times the regular rates at which they were employed.

6. Defendants' records show their total wage payments to the employees involved herein and purport to reflect daily and weekly hours worked by said employees. However, the Court finds that defendants' records of hours worked in excess of the overtime maximums were in fact reduced by them by one-third. Defendants' records show payment of one and one-half times the employees' regular rates for the hours so reduced. The result is that all hours actually worked by the employees were paid for by defendants at straight-time rates. The

evidence established this pattern of straight-time payment for overtime hours with respect to the employees named during the respective periods of their employment on Schedule "A" hereto. Therefore, it becomes a matter of mathematical computation to find the differences between the amounts actually paid to the employees and the amounts they would have been paid if the overtime standards provided by the Act had been met. The gross amounts so computed are set forth with respect to each of the employees as shown on Schedule "A" hereto. Those amounts include $165.49 due the five employees hereafter described with respect to back wage receipts. The total gross amount is $6,974.39.

7. In February of 1967, defendants inquired of a Department of Labor Wage-Hour compliance officer about application of the Act to defendants' business and defendant Opal Hyatt generally was advised as to the applicability of the Act to their business. She communicated that advice to defendant Ted O. Hyatt.

8. An official investigation was made of defendants' operations in October of 1967, and a Wage-Hour compliance officer advised defendants that there had been violations resulting from certain of defendants' pay practices. As a result, defendants agreed to pay $165.49 in back wages to Nelson Prestwood, Larry N. Prestwood, John Gernert, John R. Coffey, and Joseph French. Defendant Opal Hyatt executed official receipt forms evidencing payment to those employees in the agreed amounts and submitted them to the Wage-Hour Division. Each of the five named employees returned to defendants the checks tendered in payment of such back wages under circumstances amounting to economic coercion.

At the conclusion of the October 1967 investigation, defendants again were advised about the applicability of the Act to their business operations and their employment and recordkeeping practices.

9. On February 18, 1970, the Court entered partial summary judgment which enjoined defendants from violating the overtime and recordkeeping provisions of the Act.

10. Plaintiff offered no evidence that the employees named on Schedule "A" hereto requested the Secretary of Labor to bring this or any other action with respect to them.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the subject matter and the parties herein.

2. Both defendants were employers, within the meaning of the Act, of employees including those named on Schedule "A" hereto and are jointly and severally liable for all the relief sought herein.

3. The employees described in the above findings were at all pertinent times employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and 3(s) of the Act.

4. Defendants repeatedly have violated the overtime and recordkeeping provisions of Sections 7, 11(c), 15(a) (2) and 15(a) (5) of the Act.

5. In 1966, Section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255, was amended so that the statute of limitations on recovery of minimum wages and overtime compensation due under the Fair Labor Standards Act is two years after the cause of action accrues except that a cause of action arising out of willful violation may be commenced within three years after the cause of action accrues. These limitations are incorporated in Section 17 of the Fair Labor Standards Act as amended. Since the Portal-to-Portal Act limitations apply to civil actions, the term "willful" which was added by the 1966 amendment must be construed in the civil sense. It therefore applies to violations which are intentional, knowing or voluntary as dis-

---

---

tinguished from accidental and it is used to characterize conduct marked by careless disregard whether or not one has the right so to act. United States v. Illinois Cent. R. Co., 303 U.S. 239, 243, 58 S.Ct. 533, 535, 82 L.Ed. 773. The violations in this case were willful within the meaning of the Portal-to-Portal Act and restitution of overtime compensation shall be ordered for such violations which accrued no more than three years before this action was filed.

6. Section 17 of the Fair Labor Standards Act permits the Secretary of Labor to proceed on his own initiative in the public interest and permits the Court appropriately to adjudicate cases of alleged violations of the Act without requests or consents by employees affected by such violations.

7. The injunction heretofore issued by the Court on February 18, 1970, should be continued in full force and effect. Plaintiff also is entitled to an order enjoining and restraining defendants, jointly and severally, from withholding payment of the overtime compensation herein found by the Court to be due their employees, including such amounts which resulted from violations which occurred over two years, but less than three years, before the filing of this action.

Let judgment be entered accordingly, costs to be taxed against defendants.

## JUDGMENT

This matter comes on for judgment in accordance with the findings of fact and conclusions of law entered herein on the 18th day of August, 1970, and now therefore, for good cause shown, it is

Ordered, adjudged and decreed that defendants, Ted O. Hyatt and Opal Hyatt, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest, be and they are hereby permanently enjoined and restrained from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, in any of the following manners:

1. Defendants shall not, contrary to Sections 7 and 15(a) (2) of the Act, employ any of their employees employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for a workweek longer than 40 hours or for hours longer than any maximum workweek which may hereafter be established as applicable by amendment to the Act, unless the employee receives compensation for his employment in excess of 40 hours, or such other maximum number of hours as may be made applicable by amendment, at a rate not less than one and one-half times the regular rate at which he is employed.

2. Defendants shall not, contrary to Sections 11(c) and 15(a) (5) of the Act, fail to make, keep, and preserve adequate and accurate records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by existing regulations of the Administrator issued pursuant to Section 11(c) of the Act, and from time to time amended and found in 29 CFR 516; and, it is

3. Further ordered, adjudged and decreed that the defendants be and they are hereby jointly and severally enjoined and restrained from withholding and continuing to withhold overtime compensation due under the Act to employees as shown on Schedule "A" hereto in the amounts stated with respect to each and for the periods set forth opposite their names. To effect compliance with this provision of this judgment defendants are hereby ordered and directed to deliver to the plaintiff, within ninety (90) days after entry of this judgment, a cashier's or certified check payable to "Wage and Hour—Labor" in the amount of $6,974.-39, the proceeds of which check the plaintiff shall distribute to the persons named on Schedule "A" attached hereto, or to their surviving heir or heirs, and any

money not so distributed by the plaintiff within three (3) years, because of plaintiff's inability to locate the proper persons or because of such persons' refusal to accept such money, shall be delivered into the Treasury of the United States as miscellaneous receipts.

4. The Marshal shall promptly serve true copies of this judgment upon both defendants. It is further

Ordered that the costs of this action be and the same are hereby taxed against the defendants for which execution may issue.

## SCHEDULE A

| EMPLOYEE | PERIOD COVERED WORKWEEK ENDING | AMOUNT DUE |
|---|---|---|
| Bennie Burdett | 6/14/68 – 8/30/68 | $ 147.95 |
| Alton Parker Cape | 6/30/67 – 6/ 7/68 | 1,330.24 |
| John R. Coffey | 2/10/67 – 4/ 7/67 | 154.53 |
| Robert T. Day | 4/11/69 – 5/16/69 | 48.75 |
| Ronald Edge | 5/10/68 | 31.17 |
| Joseph French | 2/10/67 – 11/21/69 | 793.90 |
| John Gernert | 2/10/67 – 1/12/68 | 271.50 |
| L. L. Hayes | 5/17/68 – 7/12/68 | 44.54 |
| Dougle Huggins | 11/10/68 – 3/14/69 | 418.88 |
| Johnny Kent | 5/ 2/69 – 5/16/69 | 53.39 |
| Luke Kesner | 12/13/68 – 5/ 2/69 | 272.75 |
| Wallace Michael Moseley | 5/12/67 – 9/ 6/68 | 1,187.53 |
| Claude Northcutt | 3/31/67 – 6/ 9/67 | 84.17 |
| Ellis R. Norwood | 4/28/67 – 10/20/67 | 178.90 |
| Larry N. Prestwood | 2/10/67 – 3/ 8/68 | 914.74 |
| Nelson M. Prestwood | 2/10/67 – 5/19/67 | 476.38 |
| Joe Henry Soward | 10/25/68 | 15.75 |
| Edward T. Williams | 1/10/69 – 5/16/69 | 544.82 |
| Mike Manning | 11/22/68 | 4.50 |
| | TOTAL | $6,974.39 |