UNITED STATES of America,
Plaintiff-Appellee,

v.

HARRY L. YOUNG & SONS, INC.,
Defendant-Appellant.

No. 72-1002.

United States Court of Appeals,
Tenth Circuit.

Aug. 24, 1972.

Gordon L. Roberts, of Parsons, Behle & Latimer, Salt Lake City, Utah, for defendant-appellant.

Glenn J. Mecham, Asst. U. S. Atty., Salt Lake City, Utah (C. Nelson Day, U. S. Atty., Salt Lake City, Utah, was with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge, and BRATTON, District Judge.

LEWIS, Chief Judge.

Harry L. Young & Sons, Inc. was charged with a violation of 18 U.S.C. § 834(f) which renders it unlawful to knowingly violate a regulation of the Interstate Commerce Commission concerning the transportation of explosives. Specifically, the information charged that the corporate defendant knowingly violated 49 C.F.R. § 397.1(b) by leaving unattended a motor vehicle transporting certain explosives. The case was submitted to the trial court on stipulated facts and the defendant was convicted of the charge.

The defendant, a Utah corporation, is a common carrier authorized by the Interstate Commerce Commission to transport hazardous materials. On January 13, 1970, a tractor-trailer unit carrying a load of explosives had a mechanical failure near Wendover, Utah.

The unit was under the defendant's control and direction, being operated by its employees, Gary Reeves and Dennis Brown. The defendant's Salt Lake City dispatcher advised Reeves and Brown to remain in Wendover until repair parts arrived. The dispatcher further instructed the drivers to be certain that the unit was not left unattended at any time. In accordance with company policy, upon their original departure from Concord, California, Reeves and Brown had also been told not to leave the unit. The mechanical failure occurred at about 2:00 p. m. on January 13, 1970, and the parties stipulated as follows:

[Thereafter] the unit was attended by Gary Reeves until evening at which time an off-duty Utah -Highway Patrolman, one Dennis Wendell, was hired to and did attend the unit overnight; that on January 14, 1970, both drivers, Reeves and Brown, attended the unit during the day with Reeves electing to attend during the night; that at 11:30 p. m. (PST) Reeves left the unit unattended and went to his motel room for the night; that the unit was left unattended from 11:30 p. m. on January 14, 1970, until about 7:30 a. m. on January 15, 1970.

The parties have presented this case to us with considerable argumentative complexity. The defendant states the appellate issue to be one involving the law of agency arguing that the specific knowledge necessary for the criminal conviction cannot be imputed to the corporation through a deliberate act of disobedience by an employee not acting for the benefit of his employer. The argument extends into a· discussion of employee motives and the application of the "functional test" in establishing motivation. Primary reliance on these contentions is placed on the Fifth Circuit's decision in Standard Oil Company of Texas v. United States, 307 F.2d 120, an elaborate treatise on the subject but a case involving third parties and a criminal conspiracy.

The government counters defendant's argument by the generality that corporations may be held criminally liable for the acts of their agents, relying on cases such as New York Central & Hudson River R. R. v. United States, 212 U.S. 481, 29 S.Ct. 304, 53 L.Ed. 613 (wherein the statute specifically imposes corporate responsibility for the acts of its agents), and United States v. Illinois Central R. R., 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773 (wherein a civil penalty was involved). The government extends its arguments to the conclusion that Reeves was acting directly within the scope of his authority in attending the truck and that the trial court could well have concluded that the employee's subsequent action was for the benefit of the corporation by getting some sleep in anticipation of further driving, an unadulterated speculation.

We do not consider this case to involve the complexities presented by the parties. The case cannot extend beyond the limitations imposed by the stipulation of facts presented to the trial court and, when so considered, would seem to present rather uncomplicated and completely determinative appellate issues.

■■ The stipulated facts do not include any matter pertaining to why Reeves left the truck unattended. His motives are left completely unexplained and consequently we consider the extent of the determinative issue to be (a) did the government make a prima facie case by proof that the truck, loaded with bombs and under the control of the defendant, was in fact left unattended as charged and, if so, (b) did the admitted fact that Reeves was specifically instructed to guard the truck, but did not, overwhelm the prima facie case as a matter of law so as to require acquittal? We answer (a) in the affirmative; (b) in the negative.

In Texas-Oklahoma Express, Inc. v. United States, 429 F.2d 100, this court upheld a corporate conviction under 18 U.S.C. § 834(f) and the subject regulation indicating that proof of the intentional leaving of an explosive-laden trailer unattended was sufficient to support

a "knowing" violation of the statute and did not require proof of a specific intent to violate. The reasoning and result of that case would seem to have later gained approval as to a definitive "knowing violation" in United States v. International Minerals Corp., 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178.

Establishment of a prima facie case by the government of course does not dictate a conviction. The subject statute does not impose strict liability, United States v. International Minerals Corp., *supra,* and circumstances may show an occurrence completely beyond the control of the corporation. This, however, is not such a case. The fact that Reeves was instructed to attend the subject truck but did not do so may be a factor militating against corporate criminal responsibility but rises no higher. Were the rule otherwise enforcement of the statute would in practicality be frustrated for corporate conduct must necessarily reflect through the conduct and acts of its employees.

The judgment is affirmed.