### Frank L. PATTON, Appellant,

### v.

### UNITED STATES, Appellee.

### No. 8116.

District of Columbia Court of Appeals.

Submitted Sept. 25, 1974.

Decided Oct. 23, 1974.

Jerry Lee Dier, court appointed, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, and S. Allen Early, III, Asst. U. S. Attys., for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This appeal from a conviction of willful failure to appear while subject to conditions of release (D.C.Code 1973, § 23–1327(a)), presents the question whether the

offense requires proof of a specific intent. We hold that it does not and affirm.

Section 23–1327 provides, *inter alia,* for mandatory consecutive sentences for anyone who, while on release under our bail statutes,[1] "willfully fails to appear before any court or judicial officer as required". Failure to appear after notice of an appearance date is prima facie evidence of willfulness, and a warning of the possible consequences of such failure is relevant to willfulness, but a warning is not a prerequisite to conviction. Likewise, that section permits conviction in the absence of notice to appear if reasonable efforts to notify were made and the accused frustrated receipt of that notice.

In the charge to the jury, the court instructed that the word "willful" in this case meant "that the [act] was done consciously and voluntarily and not inadvertently or accidently . . . [and] that an act is done willfully if it is done knowingly, intentionally and deliberately." At the conclusion of the charge, defense counsel, in apparent reference to the court's use of the term "general intent", and in response to a question whether he had "additional objections . . . to the Court's instructions", stated:

> [F]irst I would ask that the specific intent rather than the general intent instruction be given.

This request was refused.[2]

◼ The government, in its brief, correctly observes that so-called bail jumping offenses do not have their genesis in the common law. As observed above, section 23–1327, *supra,* provides that the failure to

1. D.C.Code 1973, § 23–1321 et seq.

2. Counsel took no definitive position respecting how he desired a specific intent instruction to be applied to this offense. The statute does not specify that a defendant must have a specific intent to avoid prosecution or trial or to disobey a lawful order to appear. Moreover, there is no separate "specific intent instruction" contained in the Bar Association's CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA (2d ed. 1972). Instruction No. 3.01 contained in that work is entitled "Intent". It contains a so-called "general intent" definition as well as a "specific intent" definition, but as phrased the latter is hardly suitable for abstract use. It may be a valuable definition to use where a particular offense has an element requiring a specific intent.

appear must be willful. In this particular statutory context, we hold that the government satisfies this burden by demonstrating what is commonly referred to as a general intent of the defendant to commit the act of omission.

■ We recognize that those offenses which existed at common law, and those that have their roots in the common law in the sense that they encompass "positive aggressions or invasions," or a crime against "person or property",[3] require that the defendant entertain a specific intent to commit a crime or harbor an evil state of mind. Mitchell v. United States, D.C.App., 302 A.2d 216 (1973).

In certain offenses which "[impair] the efficiency of controls deemed essential to the social order as presently constituted", Morissette v. United States, 342 U.S. 246, 256, 72 S.Ct. 240, 246, 96 L.Ed. 288 (1952), courts have commonly held that proof of general as opposed to specific intent is sufficient. In such public welfare or regulatory offenses, for example, those involving prosecution for the sale of a prohibited drug, the commission of the act itself implies the requisite intent. Morissette v. United States, *supra* at 258, 72 S.Ct. 240. While the Supreme Court has admonished against presuming that proof of specific intent is not required in a statutory offense merely because the statute does not facially require it (Morissette v. United States, *supra*), we find convincing evidence that it is not required for conviction under our statutory bail jumping offense.

We subscribe to the government's contention that this offense, not in existence at common law, is of the sort described by the Supreme Court as regulatory in nature rather than as a statutory proscription of an act *malum in se*. Such a context guides our construction of the word "willfully".

As the Supreme Court stated in United States v. Illinois Central R. R. Co., 303 U.S. 239, 242, 58 S.Ct. 533, 535, 82 L.Ed. 773 (1938):

> In statutes denouncing offenses involving turpitude, "willfully" is generally used to mean with evil purpose, criminal intent or the like. But in those denouncing acts not in themselves wrong, the word is often used without any such implication. . . .

Furthermore, we note that D.C.Code 1973, § 23–1327(b), provides that "[a]ny failure to appear after notice of the appearance date shall be prima facie evidence that such failure to appear is willful." This provision is irreconcilable with the contention that specific intent or an "evil mind" is required; rather, the requisite intent is inferable from the omission itself.

Finally, we note the following case which supports our holding. In United States v. Miller, 451 F.2d 1306 (4th Cir. 1971), the court held that the trial court did not err when it denied a request for a continuance when a defendant to bail jumping charges (there 18 U.S.C. § 3150)[4] proffered that he would produce witnesses to show that his absence was caused by fear for his own person. In so holding, the court observed that such fear, even if proved, would not amount to a defense in law for defendant's nonappearance. Clearly that case stands for the proposition that lack of an evil state of mind does not exculpate a bail jumping defendant. Therefore, a showing of general intent is sufficient to sustain the conviction.

Accordingly, we hold that the trial court did not commit error when it refused defendant's request to modify his instruction on intent.

Affirmed.

---

3. Morissette v. United States, 342 U.S. 246, 255–256, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

4. The federal statute, though worded differently from D.C.Code 1973, § 23–1327, contains the same sort of willfulness language as does our provision.