857 F.2d 363
 47 Fair Empl.Prac.Cas. 1480,
47 Empl. Prac. Dec. P 38,303
Leo J. RENGERS, Plaintiff-Appellee, Cross-Appellant,
v.
WCLR RADIO STATION, A DIVISION OF BONNEVILLE INTERNATIONAL
CORPORATION, Defendant-Appellant, Cross-Appellee.
 Nos. 86-1548, 86-1622, 86-1794 and 86-1865.
 United States Court of Appeals,
Seventh Circuit.
 Aug. 30, 1988.
Rehearing and Rehearing En Banc Denied Oct. 18, 1988.
 
 Stuart Smith, Gordon & Glickson, P.C., Chicago, Ill., for defendant-appellant/cross-appellee.
 Peter R. Meyers, Chicago, Ill., for plaintiff-appellee/cross-appellant.
 Before CUMMINGS and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*
 CUMMINGS, Circuit Judge.
 
 
 1
 On May 23, 1988, the United States Supreme Court granted defendant WCLR Radio Station's (WCLR) petition for writ of certiorari, vacated the judgment of this Court in Rengers v. WCLR Radio Station, 825 F.2d 160 (7th Cir.1987), and remanded the case for further consideration in light of McLaughlin v. Richland Shoe Company, 486 U.S. ----, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). On reconsideration, we vacate the jury's award of liquidated damages at issue here and remand for retrial in the district court on the question whether WCLR willfully violated Section 7(b) of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Sec. 626(b), when it fired plaintiff Leo Rengers. Furthermore, because Rengers is now not the "prevailing party" as to all issues appealed, we vacate the award of attorney's fees for determination at the conclusion of the second trial.
 
 
 2
 WCLR originally appealed from a denial of a JNOV motion and a jury verdict in favor of Rengers, a former WCLR disc jockey. The jury affirmatively answered two special interrogatories, finding that defendant's termination of plaintiff violated the ADEA and that the violation was willful. After resolving various post-trial motions, final judgment was entered on March 6, 1986, and the notices of appeals and cross-appeals were timely filed thereafter. This Court affirmed the judgment on August 4, 1987.
 
 
 3
 The only issue that we need address in this remand is WCLR's challenge to the jury's conclusion that its violation of the ADEA was willful. See 29 U.S.C. Sec. 626(b). Defendant contended that the district court erred when it instructed the jury that plaintiff could prove willfulness by showing that "the defendant's actions were knowing and voluntary and that the defendant knew or reasonably should have known that its actions violated the [ADEA]." The instruction mirrored the standard adopted by this Circuit in Syvock v. Milwaukee Boiler Manufacturing Co., 665 F.2d 149, 157 (7th Cir.1981). Four years after Syvock, in Trans World Airlines v. Thurston, the Supreme Court stated that a definition of willfulness that required the plaintiff to show that defendant "knew or showed reckless disregard" for whether its actions violated the ADEA was "reasonable." 469 U.S. 111, 126, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985). However, the Court referred to this definition as just "an acceptable way to articulate a definition of 'willful,' " id. at 129, 105 S.Ct. at 625, and indicated that other definitions of "willful" that resemble common law negligence rather than recklessness were consistent with the willfulness requirement in the ADEA. The Court referred approvingly to definitions of "willful" as (1) " 'wholly disregards the law ... without making any reasonable effort to determine' " whether the actions violate the law (quoting Nabob Oil Co. v. United States, 190 F.2d 478, 479 (10th Cir.1951), certiorari denied, 342 U.S. 876, 72 S.Ct. 167, 96 L.Ed. 659), (2) " 'careless disregard [for] whether or not one has the right so to act,' " (quoting United States v. Murdock, 290 U.S. 389, 395, 54 S.Ct. 223, 225, 78 L.Ed. 381), and (3) "a disregard for the governing statute and an indifference to its requirements" (citing United States v. Illinois Central R. Co., 303 U.S. 239, 242-243, 58 S.Ct. 533, 534-535, 82 L.Ed. 773). Thurston, 469 U.S. at 126-127, 105 S.Ct. at 624-625. Four cases from this Circuit construed the earlier Syvock formulation of "knew or reasonably should have known" as consistent with Thurston. See Coston v. Plitt Theatres, Inc., 831 F.2d 1321 (7th Cir.1987), certiorari granted and judgment vacated, 486 U.S. ----, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988); Graefenhain v. Pabst Brewing Co., 827 F.2d 13 (7th Cir.1987); Kossman v. Calumet County, 800 F.2d 697, 701 (7th Cir.1986), certiorari denied, 479 U.S. 1088, 107 S.Ct. 1294, 94 L.Ed.2d 151; McNeil v. Economics Laboratory, Inc., 800 F.2d 111, 117 (7th Cir.1986), certiorari denied, --- U.S. ----, 107 S.Ct. 1983, 95 L.Ed.2d 823.
 
 
 4
 Approximately one month before this Court decided Rengers, we attempted to resolve this question in Graefenhain, where we held that the willfulness standard in Syvock was consistent with Thurston and was still the law of this Circuit. Graefenhain, 827 F.2d at 23. In Thurston, the Supreme Court explicitly rejected a proposed definition of willful that allowed liability if the employer knew that the ADEA was "in the picture," because that standard would allow the recovery of liquidated damages even if the employer acted "reasonably and in complete 'good faith,' " a result the Court thought contrary to Congress' intent. 469 U.S. at 127-128 and n. 22, 105 S.Ct. at 625 n. 22. This Court interpreted the Syvock definition to comport with this concern because "if an employer reasonably should have known that its actions were illegal, then the employer was not acting reasonably. Furthermore, this standard avoids rewarding employers who are unreasonably ignorant of the law." Rengers, 825 F.2d at 165.
 
 
 5
 After accepting the Syvock formulation in Rengers, this Court then determined that there was a reasonable basis in the record for the jury's verdict that WCLR's violation of the ADEA was willful. Rengers, 825 F.2d at 165. Plaintiff's evidence allowed an inference that WCLR was systematically discharging older announcers because of their age and by doing so was willfully violating the ADEA and not acting "reasonably and in complete 'good faith.' " Thurston, 469 U.S. at 128 n. 22, 105 S.Ct. at 625 n. 22. WCLR itself introduced the testimony of its general manager that he knew a violation of the ADEA would subject the station to sanctions by the Federal Communications Commission and a possible loss of its license. Given that WCLR was in a heavily regulated industry and was required to renew its license periodically, we held that it was fully expectable that WCLR would be familiar with legal requirements like those in the ADEA. Rengers, 825 F.2d at 165. This Court additionally noted that the esteemed district judge stated in denying the JNOV motion that "[t]here is no question that WCLR management was well aware of the legal prohibition against age discrimination." Moreover, the jury had found by special interrogatory that plaintiff was fired in violation of the ADEA and this combined with defendant's touted familiarity with the Act and the repercussions from a violation, given its regulated status, provided an appropriate basis for the jury's verdict that the violation was willful.
 
 
 6
 Finally, in dicta, this Court discussed the possibility that the Syvock definition might have stated the law incorrectly. We held that "under the facts of this case the failure to use the reckless disregard instruction would be harmless error not affecting the substantial rights of the parties" because "WCLR admitted that it was familiar with the requirements of the ADEA, ... [and] [g]iven this concession, it is hard to imagine how WCLR could argue (let alone succeed in convincing a jury) that even if it fired plaintiff because of his age it was not done in 'reckless disregard' of the ADEA." 825 F.2d at 166 n. 5.
 
 
 7
 Since our opinion in Rengers, the Supreme Court decided McLaughlin v. Richland Shoe Co., --- U.S. ----, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), where the Secretary of Labor argued that the strict Thurston willfulness test should not be applied to the three-year statute of limitations under the Fair Labor Standards Act (FLSA). The Court held that the willfulness provision at issue in Richland Shoe "applies not only to actions to enforce the overtime and recordkeeping provisions of the FLSA, but also to the Age Discrimination in Employment Act." --- U.S. at ----, 108 S.Ct. at 1680.
 
 
 8
 In so deciding, the Court recognized that there was some language in Thurston not necessary to its holding in Richland Shoe that would seem to permit a finding of unreasonableness to suffice as proof of knowing or reckless disregard, and thus that would render the Syvock standard an appropriate statement of the law. 469 U.S. at 126, 105 S.Ct. at 624. However, the Court emphasized in footnote 13 of its opinion that an employer does not act willfully even if it reasonably should have known its actions were illegal. The Court stated: "If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful under either petitioner's test or under the standard we set forth. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, although its action would be considered willful under petitioner's test, it should not be so considered under Thurston or the identical standard we approve today." --- U.S. at ----, n. 13, 108 S.Ct. at 1682 n. 13.
 
 
 9
 Given this explicit statement that any reasonableness standard was improper, the error in the trial court's willfulness instruction became patent, thus requiring us to vacate the award of liquidated damages. As did the Supreme Court in Richland Shoe, --- U.S. at ----, n. 14, 108 S.Ct. at 1682 n. 14 we express no view as to whether, under the proper standard, WCLR's violation was "willful," for that determination is for the district court remand.**
 
 
 10
 In its "Statement of Position" pursuant to Seventh Circuit Rule 54, WCLR asks that should we order a new trial, it should not be limited to the willfulness issue alone. Relying on Berndt v. Kaiser Aluminum & Chemical Sales, Inc., 604 F.Supp. 962, 967 (E.D.Pa.1985), WCLR claims that to allow Rengers to retry only the willfulness issue will unduly prejudice the jury against WCLR. We disagree, and hold that based on the presumption that a proper verdict can be rendered in accordance with the instruction of a trial judge, Phelps v. Sherwood Medical Industries, 836 F.2d 296, 300 (7th Cir.1987), a correctly instructed jury certainly could not be misled or confused by a separate trial on the willfulness issue. See Berndt v. Kaiser Aluminum & Chemical Sales, Inc., 789 F.2d 253, 261 (3d Cir.1986) (affirming lower court except on defendants' prejudice argument regarding liability verdict).
 
 
 11
 Finally, because Rengers is now a "partially prevailing plaintiff," see Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40; Spanish Action Committee v. City of Chicago, 811 F.2d 1129, 1133-1135 (7th Cir.1987), the part of the original judgment fixing the attorney's fees should be vacated to be redetermined at the conclusion of the new trial. Accordingly, this Court affirms the jury's finding of liability, vacates the award of liquidated damages and attorney's fees, and remands for retrial on the willfulness issue.
 
 
 
 *
 The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 **
 Rengers asks us to award "front pay" or additional "back pay" should we vacate the liquidated damages award. Front pay, an award for future lost earnings, is a remedy solely within the discretion of the district court upon remand. Rengers, 825 F.2d at 163 n. 1